UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA HAERNICK,

     Plaintiff,

v.                             Case No.:  8:20-cv-2782-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Lisa A. Haerinck seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

B.    **Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

**C.     Procedural History**

Plaintiff filed an application for a period of disability and disability insurance benefits on June 22, 2018, alleging disability beginning June 15, 2018. (Tr. 70, 164-64). The application was denied initially on reconsideration. (Tr. 70, 84). Plaintiff requested a hearing and a hearing was held on November 29, 2019, before Administrative Law Judge ("ALJ") Barbara J. Zanotti. (Tr. 29-56). On January 17, 2020, the ALJ entered a decision finding Plaintiff not disabled from June 15, 2018, through the date of the decision. (Tr. 15-23).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on September 25, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on November 25, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 20).

**D.     Summary of ALJ's Decision**

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through June 30, 2022. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 5, 2018, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease and degenerative joint disease of the lumbar spine; asthma; and obesity." (Tr. 17).

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can occasionally push/pull with the bilateral lower extremities; she can occasionally perform postural activities but must never crouch or climb ladders, ropes, or scaffolds; she is limited to frequent bilateral handling and fingering; she is limited to work that must be performed indoors on smooth/dry flooring surfaces; she is limited to no more than an occasional exposure to extreme cold, wetness, humidity, workplace hazards such as unprotected heights and moving machinery; and she is limited to no more than occasional exposure to atmospheric irritants such as dusts, odors, fumes, and gases.

(Tr. 19-20). At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a mechanical assembler. (Tr. 23). The ALJ determined that this work does not require the performance of work-related activities precluded by the RFC. (Tr. 23). The ALJ concluded that Plaintiff had not been under a disability from June 15, 2018, through the date of the decision. (Tr. 23).

## II.   Analysis

On appeal, Plaintiff raises a single issue: whether the ALJ failed to develop the record. (Doc. 25, p. 5). Plaintiff contends that the ALJ had a duty to investigate

the facts and develop the arguments both for and against granting benefits. (Doc. 25, p. 5). Plaintiff also contends that at the hearing, the vocational expert testified that Plaintiff had past relevant work as a mechanical assembler, DOT 714.381-010,[1] which is a skilled job, at the light exertional level, with a Specific Vocational Preparation ("SVP") of 6. Plaintiff argues that the requirements for this job of mechanical assembler did not match the requirements of her past relevant work. (Doc. 25, p. 6-7). Plaintiff claims that the record did not contain sufficient information for the vocational expert to identify which type of assembler job Plaintiff performed. (Doc. 25, p. 7). Thus, Plaintiff argues that the ALJ had a duty to develop the record further to obtain sufficient evidence about Plaintiff's past relevant work and, without this additional evidence, the ALJ erred in relying on the testimony of the vocational expert such that the decision is not supported by substantial evidence. (Doc. 25, p. 8).

The Commissioner argues that despite any alleged error, remand is not warranted because substantial evidence supports the ALJ's decision that Plaintiff could return to her past relevant work as a mechanical assembler. (Doc. 25, p. 9). The Commissioner claims that even if the vocational expert provided the wrong DOT code for how the job of mechanical assembler is generally performed, Plaintiff

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

has not established that she cannot perform the job as she actually performed it. (Doc. 25, p. 9).

At step four, Plaintiff carries a heavy burden of showing that her impairments prevent her from performing her past relevant work. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). Past relevant work is defined as work that a claimant had done within the past 15 years, that was substantial gainful activity, and lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1). To determine past relevant work, the ALJ will ask a claimant for information about the work she did in the past. 20 C.F.R. § 404.1560(b)(2). A claimant is the primary source for vocational documentation, and statements by a claimant regarding past work as she *actually* performed it are "generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." SSR 82-62 (1982); *see also Dukes v. Saul*, No. 8:18-cv-2553-T-SPF, 2020 WL 755393, at *4 (M.D. Fla. Feb. 14, 2020) ("In determining whether a claimant can perform past relevant work as actually performed, the ALJ may rely on the claimant's testimony." (citing 20 C.F.R. § 404.1560(b)(2))). An ALJ is required to consider:

> (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other

> sources such as employers, the Dictionary of Occupational
> Titles, etc., on the requirements of the work as generally
> performed in the economy.

SSR 82-62 (1982).

In the Work History Report, Plaintiff listed two of her prior jobs as mechanical assembler and assembler. (Tr. 190). For the mechanical assembler job, Plaintiff described the job duties as "[a]ssembled pieces together for the next step." (Tr. 195). She used machines, tools, or equipment for the job and the job required technical knowledge and skills. (Tr. 195). For this job, Plaintiff walked 2 hours, stood 1 hour, and sat for 4 hours. (Tr. 195). She also stooped for 1/2 hour, kneeled for 1 hour, handled, grabbed or grasped big objects for 1 hour, reached for 1 hour, and wrote, typed, or handled small objects for 1 hour. (Tr. 195). She lifted at most less than 10 pounds, she frequently lifted less than 10 pounds, and commented that the job did not require much lifting or carrying. (Tr. 195). Plaintiff described the other assembler job as "[a]assembled parts together, cleaned warehouse, [and] helped in the machine department." (Tr. 196). Most of the job requirements mirrored those of the machine assembler job, except that she stood for 3 hours, crouched for 1 hour, and handled, and grabbed or grasped big objects for 2 hours. (Tr. 196).

The vocational expert identified Plaintiff's past relevant work for the assembly position as Assembler, Photographic Equipment or alternatively Assembler, Precision-Mechanical, DOT 714.381-010. (Doc. 25-1). The description

includes assembling and adjusting photographic apparatus, according to blueprint specifications, and using hand tools and portable power tools. (Doc. 25-1, p. 1). The description also includes connecting electrical wiring, according to circuit diagrams, and using soldering iron. (Doc. 25-1, p. 1). In the decision, the ALJ found Plaintiff capable of performing past relevant work as a mechanical assembler, both as it is actually and generally performed. (Tr. 23).

The Court tends to agree that the description for Assembler, Photographic Equipment may not match the description of Plaintiff's past relevant work as a mechanical assembler or assembler, but finds any error harmless. Plaintiff seeks to place the burden on the Commissioner to further develop the record as to Plaintiff's job description. While the Commissioner has this burden, Plaintiff's descriptions in the record satisfactorily establish the requirements for Plaintiff's past relevant work as a mechanical assembler and assembler, especially as to exertional limitations. (*See* Tr. 195-196).

More importantly, Plaintiff has the "heavy" burden here to show that she was unable to perform her past relevant work. In the Joint Memorandum, Plaintiff asserts no allegations that she was unable to perform her past relevant work as generally or actually performed. Indeed, Plaintiff cited no statements as to which requirements of her past work she could no longer meet and cited no medical evidence establishing how an impairment limits her ability to meet the physical and mental requirements

of the past work. *See* SSR 82-62 (1982). Without these showings, remanding the case to the Commissioner to obtain more information about Plaintiff's job requirements and a more accurate DOT number would be a "'wasteful corrective exercise.'" *Pons v. Comm'r of Soc. Sec.*, No. 21-13028, 2022 WL 1214133, at *2 (11th Cir. Apr. 25, 2022) (quoting *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. Unit A July 1981)). Thus, even if the vocational expert testified to and the ALJ included an arguably incorrect DOT number to describe Plaintiff's past relevant work, any error is harmless and substantial evidence supports the ALJ's decision that Plaintiff can perform her past relevant work as actually performed.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 4, 2022.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties